## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TYRONE SHANNON, Inmate #B23596,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 06-748-MJR** |
| ) | |
| **RICHARD J. WHITNEY and DIANE** ) | |
| **SPIER,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate in the Centralia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.

### IN FORMA PAUPERIS

This action is before the Court on Plaintiff's motion to proceed *in forma pauperis* (Doc. 2). The Court finds that Plaintiff, an inmate currently incarcerated in the Centralia Correctional Center, is indigent and unable to pay the full filing fee in advance; therefore, leave to proceed *in forma pauperis* is **GRANTED**. Pursuant to 28 U.S.C. § 1915(b), **IT IS HEREBY ORDERED** that Plaintiff shall pay the **$350.00 filing fee** applicable to this civil action as follows:

1. Plaintiff shall pay an initial partial filing fee of **$ 12.14**. *See* 28 U.S.C. § 1915(b)(1). The agency having custody of Plaintiff is **DIRECTED** to transmit this amount from Plaintiff's prison trust fund account to the Clerk of Court upon receipt of this Memorandum and Order.

2. Plaintiff shall make monthly payments of 20% of the preceding month's income credited to Plaintiff's prison trust fund account until the filing fee is paid in full.

3. The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of this Court each time the amount in the account exceeds $10 until the filing fee is paid. Payments shall be mailed to: Clerk of the Court, United States District Court for the Southern District of Illinois, P.O. Box 249, East St. Louis, Illinois 62202.

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to Plaintiff and to the Trust Fund Officer at the Centralia Correctional Center *upon entry of this Memorandum and Order*.

### THRESHOLD REVIEW

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> >    (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> >    (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

### FACTUAL ALLEGATIONS

Plaintiff brings this action against the two defense attorneys who represented him in criminal proceedings in Illinois. Plaintiff alleges that the two attorneys mishandled his criminal case, leading to his conviction and incarceration. He seeks damages.

### LEGAL STANDARDS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988).

In *Polk County v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that a court-appointed attorney when performing the traditional functions of counsel to a criminal defendant may not be sued under 42 U.S.C. § 1983 for legal malpractice, because such an attorney does not act "under color of state law." *Id.* at 324-25. *See also Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir. 1996) (legal malpractice claim not cognizable under section 1983 because defense attorney not a state actor); *Sceifers v. Trigg*, 46 F.3d 701, 704 (7th Cir. 1995) (court-appointed counsel not a state actor for purposes of section 1983). Plaintiff's malpractice claim against Defendants is therefore frivolous as a civil rights claim. Legal malpractice claims belong in state court; this Court expresses no opinion on the merits of such a claim.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED this 2nd day of November, 2006.**

                                                s/ Michael J. Reagan
                                                **MICHAEL J. REAGAN**
                                                **United States District Judge**